## COUNTY COURT — ORANGE COUNTY.

September, 1916.

## THE PEOPLE v. RAY FULTON.

(96 Misc. 663.)

AUTOMOBILES*—OPERATING, WITHOUT A CHAUFFEUR'S LICENSE—CRIMINAL
    LAW.

An employee of an electric company who not having a chauffeur's
license uses in the discharge of his duties an automobile furnished by
his employer is properly convicted of operating an automobile without
a chauffeur's license.

APPEAL from a judgment of conviction of a justice of peace
of Orange county convicting defendant of operating an auto-
mobile without a chauffeur's license.

The appeal was sent to the Dutchess county judge for
decision.

*D. Clinton Dominick,* for appellant.

*Henry Hirschberg, District Attorney,* for respondent.

ARNOLD, J.:

The defendant, at the time of his arrest, was an employee of
the Central Hudson Gas and Electric Company and testified
his duties were " trouble hunting " and he used an automobile
furnished by the company.

It was conceded that he was an employee of the company
and that he had no chauffeur's license.

---

* See Note, Vol. 32, p. 231.

The question therefore is, what effect shall be given to subdivision 4 of section 289 of the Highway Law, which reads as follows: " No person shall operate or drive a motor vehicle as chauffeur upon a public highway   *   *   *   unless such person shall have complied in all respects with the requirements of this section."

Section 281 of the same law provides: " The chauffeur shall mean any person operating or driving a motor vehicle as an employee or for hire."

The defendant being an employee is squarely within the prohibition of the statute.   To hold otherwise would nullify the plain language of the law, and, in my opinion, the intent of the Legislature.

My attention has been called to the unreported case of the People v. Dennis, wherein the learned county judge of Schenectady county, upon similar facts, decided that the employee was not required to have a chauffeur's license.   I cannot agree with him in his interpretation of the law because it seems to me that the law referred to permits no exceptions and I cannot read into it that an employee can operate an automobile without obtaining a chauffeur's license.   I therefore affirm the conviction of the defendant.

Judgment affirmed.